BENJAMIN B. WAGNER
United States Attorney
LYNN TRINKA ERNCE
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2720
Facsimile:   (916) 554-2900

Attorneys for Defendant
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOCELYN T. REBUYON and ROLAND R. REBUYON,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.  2:10-cv-03222 MCE KJN<br><br>**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE** |

It is hereby stipulated by and between plaintiffs Jocelyn T. Rebuyon and Roland R. Rebuyon ("Plaintiffs") and the United States of America ("United States") as follows:

1.    Plaintiffs do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

2.    The United States agrees to pay to Plaintiffs the sum of Three Hundred Seventy Five Thousand Dollars  ($375,000.00), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, loss of consortium, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this action, including any claims for wrongful death, including but not limited to any

Stipulation and Order of Dismissal
With Prejudice                                                            1

and all claims arising out of the subject matter of the litigation which Plaintiffs or their guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States, its agents, servants, and employees.

3. Plaintiffs and their guardians, heirs, executors, administrators or assigns, agree to accept the $375,000.00 in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States, its agents, servants, and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages.   Plaintiffs and their guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States and its agents, servants and employees from and against any and all causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims arising from the subject matter of this action against any third party or against the United States, including claims for wrongful death.

4. Plaintiffs expressly waive any rights or benefits available pursuant to Section 1542 of the Civil Code of the State of California, which provides as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The parties understand and agree that this Stipulation shall act as a release of future claims that may arise from the subject matter of the above-captioned action, whether such claims are currently known, unknown, foreseen or unforeseen.  The parties understand and acknowledge the significance and consequences of the specific waiver of section 1542 and hereby assume full responsibility for any injury, loss, damage or liability that may be incurred hereafter by reason of or related to the subject matter that gave rise to this action.

5. This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiffs. This settlement is entered into by Plaintiffs and the United States for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

6. The parties agree that they will each bear their own costs, fees, and expenses; that any attorney's fees owed by Plaintiffs shall not exceed 25% of the settlement amount (28 U.S.C. § 2678) and will be paid out of the settlement amount and not in addition thereto; and that all outstanding or future bills and liens will be the sole responsibility of Plaintiffs.

7. Payment of the settlement amount from the United States will be made by check drawn on the Treasury of the United States for $375,000.00 and made payable to "John Virga, Attorney and Jocelyn T. Rebuyon and Roland R. Rebuyon." The check will be mailed to Plaintiffs' attorney, John E. Virga, John E. Virga, Inc., A Professional Corporation, 721 Eleventh Street, Sacramento, California, 95814. The law firm's taxpayer ID number is 942771605.

8. The parties agree to execute and deliver such other and further documents as may be required to carry out the terms of this Stipulation.

9. Each person signing this Stipulation warrants and represents that he or she possesses full authority to bind the person[s] on whose behalf he or she is signing to the terms of the Stipulation.

10. Each person signing this Stipulation warrants and represents that no promises, inducements, or other agreements not expressly contained herein have been made; that this Stipulation contains the entire agreement between the parties; and that the terms of this Stipulation are contractual and not mere recitals. This Stipulation may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by the party to be charged. All prior oral understandings, agreements, and writings are superseded by this Stipulation and are of no force or effect.

11. Each person executing this Stipulation represents that he or she has read and understands its contents; that he or she executes this Stipulation voluntarily; that he or she has not been influenced by any person acting on behalf of any party.

12. This Stipulation may be executed in counterparts. All such counterparts and signature pages, together, shall be deemed to be one document.

13. Upon approval by the Court as provided below, Plaintiffs' action against the United States is hereby dismissed with prejudice in its entirety and the Clerk of the Court is requested to enter this dismissal and release in the official docket and to close the case.

14. Notwithstanding the entry of a dismissal herein, the parties agree that that the Court shall retain jurisdiction to enforce the terms of this compromise settlement.

DATED: October 12, 2011     JOHN E. VIRGA, INC.

By:   /s/ *John E. Virga*

    /s/ *N. Steve Roberts II*
JOHN E. VIRGA
N. STEVE ROBERTS II

DATED: October 12, 2011     JOCELYN T. REBUYON

By:   /s/ *Jocelyn T. Rebuyon*

DATED: October 12, 2011     ROLAND R. REBUYON

By:   /s/ *Roland R. Rebuyon*

DATED: October 12, 2011     BENJAMIN B. WAGNER
United States Attorney

By:   /s/ *Lynn Trinka Ernce*
LYNN TRINKA ERNCE
Assistant United States Attorney

## **ORDER**

The Clerk of the Court is directed to close this case. IT IS SO ORDERED.

Dated: October 17, 2011

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

Stipulation and Order of Dismissal
With Prejudice     4